**Corveleyn Law Firm**
Graig P. Corveleyn, Esq. (GC-3393)
P.O. Box 45
Hopewell, NJ 08534
(267) 250-4798 (phone)
(609) 423-0938 (fax)
CorveleynLawFirm@gmail.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | Case No. 12-31442(CMG) |
| MALANOSKI, KRISTI L., | Hon. Christine M. Gravelle, U.S.B.J. |
| Debtor. | Chapter 7 |
| AVALON HILLS HEALTH CARE, INC., | Adv. Pro. No. |
| Plaintiff, | |
| v. | |
| KRISTI L. MALANOSKI, | |
| Defendant. | |

**COMPLAINT TO DETERMINE DEBTS OF AVALON HILLS HEALTH CARE, INC. TO BE NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523 (a)(3) & (a)(4).**

Avalon Hills Health Care, Inc., a creditor in the Chapter 7 bankruptcy case of Kristi L. Malanoski (the "Debtor"), by and through its counsel, Corveleyn Law Firm, and by way of complaint against the defendant, Kristi L. Malanoski (the "Debtor Defendant") alleges as follows:

## PARTIES

1. Kristi L. Malanoski filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq) (the "Code") on August 30, 2012 (the "Petition Date").

2. The Plaintiff, Avalon Hills Health Care, Inc. is, at all times relevant hereto, corporation formed under the laws of the State of Utah with a principal place of business at 175 East 100 North, Logan, Utah 84321.

3. The Debtor Defendant is an individual, New Jersey resident who resides at 70 Pilgrim Pathway, Apt. 2A, Ocean Grove, New Jersey 07756.

## JURISDICTION

4. This is a core proceeding brought pursuant to Fed. R. Bankr. Proc. 7001, 11 U.S.C. § 523 and 28 U.S.C. § 157 (b)(2)(I) and/or (O).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C.§§ 1334(b) and 157(b)(1).

6. The venue of this proceeding is in the District of New Jersey pursuant to 28 U.S.C. § 1409(a).

## RELEVANT FACTS

7. The Debtor filed a voluntary petition under Chapter 7 of the Code on August 30, 2012.

8. The Court entered an order discharging the Debtor on August 5, 2013.

9. The Debtor's bankruptcy case was closed on December 19, 2013.

10. The Debtor's bankruptcy case was reopened by Order of the Court dated June 2, 2015.

11. The Plaintiff operates an eating disorder treatment center in Logan, Utah. It is a resident treatment facility, meaning individuals stay on-site while receiving treatment from the Plaintiff's professional medical staff.

12. The Debtor Defendant received treatment at the Plaintiff facility on two separate occasions:

   a. Beginning March 12, 2010 and ending August 21, 2010 (the "Debtor's First Residence Period"); and

   b. Beginning May 1, 2012 and ending September 12, 2012 (the "Debtor's Second Residence Period").

13. As of the Petition Date and the date of the within Complaint, the Debtor owed $12,600.00 to the Plaintiff relating to the Debtor's First Residence Period.

14. As of the Petition Date and the date of the within Complaint, the Debtor owed $2,438.58 to the Plaintiff relating to the Debtor's Second Residence Period.

15. The total amount owed the Plaintiff by the Debtor was $15,038.58.[1]

16. The services the Debtor received during the Debtor's First Residence Period were covered by insurance.

17. The Debtor's insurance company made payments for the services directly to the Debtor for the Debtor's First Residence Period (the "Insurance Funds").

18. The Debtor cashed the checks from the Insurance Company but failed to pay those amounts to the Plaintiff for the Debtor's First Residence Period.

---

[1] The total amount does not include costs of collection efforts undertaken by the Plaintiff following the Debtor's petition filing or discharge, which were halted by the Plaintiff's discovery of the Debtor's petition filing.

19. The services the Debtor received during the Debtor's Second Residence Period were covered by insurance.

20. The Debtor's insurance company made payments for the services directly to the Debtor for the Debtor's Second Residence Period.

21. The Debtor cashed the checks from the Insurance Company and obtained the Insurance Funds but failed to pay those amounts to the Plaintiff for the Debtor's Second Residence Period.

22. The Debtor was a resident of the Plaintiff on the Petition Date.

23. The Debtor was a resident of the Plaintiff during the months leading up to the Petition Date.

24. The Debtor did not identify the Plaintiff as a creditor on Schedule F of her Petition.

25. The Debtor failed to notify the Plaintiff of the filing of her Bankruptcy Petition under the Federal Rules of Bankruptcy Procedure and the Code.

### COUNT ONE

**(Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(3))**

26. The Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth herein at length.

27. The Debtor was a resident of the Plaintiff's facility on two separate occasions.

28. The Debtor knew that there were funds due and owing to the Plaintiff relating to the Debtor's First Residence Period.

29. The Plaintiff was a creditor of the Debtor on the Petition Date.

30. The Debtor failed to identify the Plaintiff as a creditor on Schedule F.

31. The Debtor failed to provide any notice to the Plaintiff of the filing of the Bankruptcy Petition.

32. The Plaintiff has a claim pursuant to § 523(a)(4). The bankruptcy case is a no-asset case for which Proofs of Claim were never filed.

33. The Plaintiff's claim against the Debtor would be otherwise dischargeable in the absence of the within complaint.

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

a. For entry of an order declaring the Judgment amount to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(3);

b. For costs of suit, including reasonable attorney's fees; and

c. For such other and further relief as the Court deems just and proper.

## COUNT TWO

**(Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(4))**

34. The Plaintiff repeats and re-alleges each and every allegation set forth above as if set forth herein at length.

35. The Debtor obtained funds from her insurance company that were to be paid to the Plaintiff.

36. The Debtor acted in a fiduciary capacity upon her receipt of the funds from the insurance company.

37. The Debtor did not pay the Insurance Funds to the Plaintiff.

38. The Debtor misappropriated the Insurance Funds intended for the Plaintiff for her own use.

39. The Debtor absconded with the Insurance Funds.

40.     The Debtor exercised unlawfully control over the Insurance Funds, amounting to third degree larceny or theft under the New Jersey Statute.

41.     The Debtor deprived the Plaintiff of the Insurance Funds by failing to turn them over to the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

a. For entry of an order declaring the Judgment amount to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(4);

b. For costs of suit, including reasonable attorney's fees; and

c. For such other and further relief as the Court deems just and proper.

**CORVELEYN LAW FIRM**
Attorney for Plaintiff, Avalon Hills Health Care, Inc.

DATED: June 16, 2015

/s/ Graig P. Corveleyn
_____

GRAIG P. CORVELEYN